[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (104.00) 
The plaintiffs have commenced an action against the defendants arising out of the sale and purchase of a single family residence in which it is alleged that the defendants-sellers (the Tierneys) misrepresented the condition of the residence's roof to the plaintiffs-buyers (the Twisdales) and the defendant home inspector Hirsch was negligent in the inspection of the residence.
The Tierneys have moved to strike the fourth count of the complaint which sets forth a claim against them under the Connecticut Unfair Trade Practices Act, General Statutes §§ 42-110a et seq. (CUTPA). The issue before the court in this very well briefed matter is whether CUTPA, which prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce," [§ 42-110b (a)] applies to a single sale of a private home.
The Connecticut Superior Court decisions are divided as to whether a single private home sale can be an act in the conduct of any trade or business, and there is no controlling appellate court authority. The plaintiffs contend that their allegation in the fourth count that "[t]he Tierneys' acts were in the conduct of trade of commerce" is binding on a motion to strike. While it is true that a court, in determining a motion to strike, must treat as true all well pleaded facts, a court is not obliged to accept legal conclusions in a pleading, and that is exactly what the above allegation is. There are no facts pleaded to substantiate or show that defendants' acts were in the conduct of trade or commerce or what trade or commerce that might be.
The court has reviewed many of the Superior Court opinions on this issue and concludes that the better reasoned cases and the decisions which most closely hew to the statutory language are those holding that a single sale of a private residence by a person not in the business of selling real estate does not fall within the meaning of an act in the CT Page 125 conduct of any trade or business. See Piantidosi v. MacGarvey, Superior Court, judicial district of Stamford-Norwalk at Stamford, DN 174606 (May 25, 2000, D'Andrea, J.); Gershberg v. Kean, Superior Court, judicial district of Stamford-Norwalk at Stamford, CV 99 017 4316 (June 10, 2002,D'Andrea, JTR); Walker v. Barrett, Superior Court, judicial district of Stamford-Norwalk at Stamford, CV 99 016 9673 (November 8, 1999,D'Andrea, J.); Boyce v. Canby, Superior Court, judicial district of Stamford-Norwalk at Stamford, DN 153623 (February 27, 1998, Lewis, J.). This court agrees with the above decisions. There is no allegation that the Tierneys' sale of their house was part of, or in any way related to, any trade or business they were conducting. The word "conduct", when used in the context of a trade or commerce means the directing or taking part in the operation or management thereof. Thus it presupposes an existing and continuing enterprise, the antithesis of a one-time, solitary sale.
For the reasons stated above the motion to strike is granted.
 ___________________ ADAMS J.
CT Page 126